## JONES v. BROWN.

CLAIM AND DELIVERY—MAGISTRATE—BEAUFORT Co.—Action in claim and delivery is a civil action. Under the law (Rev. Stat., 860), such action in magistrate court in Beaufort Co. must be tried in township in which defendant resides, without reference to location of property.

Before TOWNSEND, J., Beaufort, September, 1899. Affirmed.

Claim and delivery by Peter Jones against Barney Brown, in magistrate court. From order of Circuit Court, plaintiff appeals.

*Mr. W. N. Heyward, Jr.,* for appellant, cites: *Rev. Stat., 860, does not apply to actions in claim and delivery:* 2 McC., 235; 1 S. C., 171; Code, 144, sub. 3; 5 S. E. R., 810.

*Mr. W. J. Verdier,* contra, cites: *Magistrate's jurisdiction in Beaufort Co. is limited and fixed:* Acts, 1890, p. 813; acts, 1897, p. 472. *Magistrate did not have jurisdiction:* 1 N. & McC., 257; 2 Speer, 274; 5 Rich., 330; Cheves, 5; 13 S. C., 198. *Claim and delivery is civil action:* Code, 71, sub. 11.

March 21, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY.  This is an action of claim and delivery, and was instituted before the magistrate of Yemassee Township, in Beaufort County, to recover possession of a turpentine still, situate in Yemassee Township.  It was affixed to the freehold of the appellant, and the plaintiff alleges that the defendant attempted to remove it out of the township.  The plaintiff gave the required undertaking and took possession of the still.

The defendant demurred to the jurisdiction of magistrate, on the ground that the defendant did not reside in Yemassee Township, but was a resident of Beaufort Township.  The magistrate sustained the demurrer.  The Circuit Judge dismissed the plaintiff's appeal.  The sole question is whether the said magistrate had jurisdiction.  Section 860 of the Revised Statutes contains the following provisions in regard to trial justices (now magistrates) for Beaufort County, to wit: "All civil actions must be tried in the township where the defendant resides, subject to the right of removal, as provided by law."  Under the head of "Claim and Delivery of Personal Property," section 227 of the Code provides as follows: "The plaintiff in *an action* to recover the possession of personal property," &c. (italics ours).  The use of the word *"action"* shows the nature of the proceedings in claim and delivery.  The action of claim and delivery is a substitute for the former action of replevin.  In 20 A. & E. Enc. of Law, 1045, it is said: "Replevin is a civil action, subject to the same rules as other civil actions."  As claim and delivery is a civil action, and as the law requires all civil actions to be tried in the township where the defendant resides, it necessarily follows that the magistrate did not have jurisdiction.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.